accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**Romeo PIROLI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

**No. 04–2150–AG.**

United States Court of Appeals, Second Circuit.

April 25, 2006.

Charles Christophe, New York, New York, for Pettioner.

Kevin J. O'Connor, United States Attorney for the District of Connecticut (Julie G. Turbert, William J. Nardini, Assistant United States Attorneys, on the brief) New Haven, Connecticut, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Petitioner Romeo Piroli, a native and citizen of Albania, petitions for review of the order of the BIA, affirming a decision of an immigration judge ("IJ"). The IJ rejected the petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiar-

ity with the facts, the procedural history, and the issues on appeal.

■ We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005). Applying this standard, we conclude that the adverse-credibility determination is not supported by substantial evidence. In a rather disjointed oral decision, the IJ expressly made "favorable" credibility findings, which were central to the petitioner's asylum and withholding of removal claims. Namely, the IJ credited the petitioner's testimony regarding his familiarity and relationship with the Democratic Party, and he found that the petitioner "most likely" experienced problems based on his political activity, "probably" was harassed, and "[ma]y have been physically attacked on one occasion or another." In contrast, those inconsistencies and implausibilities in support of the adverse-credibility determination were either not central to the petitioner's claims for relief or based on speculation. *See Secaida–Rosales*, 331 F.3d at 307; *Diallo*, 232 F.3d at 288. Additionally, the IJ demanded that the petitioner provide corroborating evidence, but he did not articulate how such evidence would be reasonably available to Piroli. *See Diallo*, 232 F.3d at 290; *Qiu v. Ashcroft*, 329 F.3d 140, 153 (2d Cir.2003).

■ Finally, although the IJ considered all of the proferred evidence, a review of the decision suggests that the IJ improperly relied on his adverse credibility determination in denying the CAT claim. *See Ramsameachire*, 357 F.3d at 185 ("The BIA therefore should not have treated its rejection of [petitioner's] claims for relief under the INA as determinative of his CAT claim, and should have considered all of [his] proffered evidence before rejecting his claim.").

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this order. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1). Any other motions that may be outstanding are DENIED as moot.